UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10558
Summary Calendar

_____

MARK VENTURA,

Plaintiff-Appellant,

versus

RESCUE INDUSTRIES INCORPORATED,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:95-CV-2578-J

March 25, 1999

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Mark Ventura appeals the judgment as a matter of law in favor of Rescue Industries Incorporated, following a jury verdict in favor of Ventura on a state law retaliation claim.

Ventura, a former Rescue employee (dispatcher), claimed that, after he reported instances of sexual harassment concerning him and a co-worker to Rescue's human resources manager, his co-workers and supervisors made derogatory comments to him, a promised wage increase was decreased, and some of his job responsibilities were

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

removed. Finally, after Ventura taped (and distributed) a co-worker's telephone conversation, he was terminated. Ventura claimed that, in violation of the Texas Commission on Human Rights Act, he was terminated in retaliation for complaining about conduct prohibited by Title VII; and that Rescue violated his privacy by revealing that Ventura is a homosexual.

The jury found for Ventura on the retaliation claim and awarded damages of approximately $270; it did not find a violation of privacy by Rescue. The district court then granted Rescue's motion for a judgment as a matter of law on the retaliation claim.

Ventura contends that he presented sufficient evidence of retaliatory motives to support the jury's verdict.

Judgments as a matter of law are reviewed *de novo*. After viewing the evidence in the light most favorable to the verdict, we will "uphold the jury verdict unless there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did". *Brady v. Houston Independent Sch. Dist.*, 113 F.3d 1419, 1422 (5th Cir.), *rehearing en banc denied*, 121 F.3d 706 (5th Cir. 1997) (internal quotations omitted); *see also* *Texas Farm Bureau v. United States*, 53 F.3d 120, 123 (5th Cir. 1995); FED. R. CIV. P. 50(a)(1). We affirm for essentially the reasons stated by the district court. *See* *Ventura v. Rescue Indus., Inc.*, 3:95-CV-2578-J (N.D. Tex. Apr. 15, 1998).

                                                            *AFFIRMED*